The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Gregory M. Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendant employing three or more regular employees.
2. The date of any alleged injury by accident is 14 March 1993.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
4. The defendant is self-insured pursuant to the provisions of the North Carolina Workers' Compensation Act.
5. An Order was entered by Executive Secretary Nick Davis on 29 November 1994 appointing Judy Brown as Guardian Ad Litem for the minor children, Dakotah Bronson Brown and Rio Canyon Brown.
6. The birth certificates of Dakotah Bronson Brown and Rio Canyon Brown were submitted per a cover letter of plaintiff dated 25 May 1995 and an affidavit dated 31 July 1995 of Jon Peeler per a cover letter of plaintiff's counsel dated 16 August 1995, which are made part of the evidentiary record.
7. The depositions of Lovie Overstreet, Officer James Burton, Officer K.D. Smith and Jon Peeler are made part of the evidentiary record.
* * * * * * * * * * *
EVIDENTIARY RULING
All objections raised by counsel at the depositions are hereby OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 14 March 1993, the deceased employee was 35 years old, with a date of birth of 10 February 1958. Deceased employee was employed by defendant as a long-haul truck driver. Deceased employee assisted Frank Kelly, who was the principal driver.
2. On 5 March 1993 deceased employee and Mr. Kelly left Morganton, North Carolina, to deliver a load to California. After making the delivery in California, deceased employee and Mr. Kelly waited in California until they were assigned a return load. They received a return load of produce, which was delivered to Pennsylvania by Mr. Kelly on 15 March 1993.
3. Deceased employee was paid a flat fee of $500.00 per load. The trip from Morganton to California to Pennsylvania lasted ten days, from 5 March 1993 through 15 March 1993. This pay procedure would result in wages of $50.00 per day and $350.00 per week. Deceased employee was not paid any lodging or meal allowances.
4. On 14 March 1993 there was a severe snowstorm in the mountains of North Carolina. When deceased employee and Mr. Kelly arrived in Lebanon, Tennessee, on 14 March 1993, at 10:00 a.m., they learned that Interstate 40 was closed; and they would not be able to proceed any further. While waiting in Lebanon, the deceased employee and Mr. Kelly were "on call," in that they would have to continue their trip whenever the Interstate opened. However, it was their understanding that the Interstate would not open until the next morning; and in fact, the Interstate did not open until the next morning.
5. While waiting in Lebanon, deceased employee and Mr. Kelly wrote in their log books that they were "off duty." They would only report "on-duty" when they were driving or inspecting the truck, because trucking regulations allowed them to be "on-duty" no more than ten hours per day. While "off-duty" deceased employee and Mr. Kelly were required to watch their truck, in this case, a refrigerated truck with produce which could spoil.
6. Deceased employee's family lived in the Lebanon area, and on 14 March 1993 plaintiff went on three personal errands while he was waiting for the Interstate to reopen. Deceased employee went to the home of Lovie Overstreet, a personal friend of twenty years, whose mother was ill with cancer. At Ms. Overstreet's home, deceased employee watched television and ate lunch. While at Ms. Overstreet's home, deceased employee stole pain pills from Ms. Overstreet's mother and stole $17.00 from Ms. Overstreet's purse. In addition to the visit with Ms. Overstreet, deceased employee visited his mother where he did a load of laundry of Mr. Kelly's and the deceased employee's clothes; and he visited his sister where he met with his two young sons.
7. After the visit at the deceased employee's sister's home, he returned to his truck. At about 7:30 p.m., deceased employee told Mr. Kelly that he was walking to a motel across the street where other drivers for defendant had a motel room. Deceased employee took a bottle of beer in his jacket pocket and proceeded to the motel. While crossing the street, the deceased employee was struck by a motor vehicle and killed.
8. Although the deceased employee had been on personal errands earlier in the day, at the time he was struck by the motor vehicle, he had returned to his duties with defendant and was not on a personal errand. Therefore, the incident on 14 March 1993 when he was struck by a motor vehicle was an interruption of his regular work routine by unusual circumstances likely to result in unexpected consequences; and therefore, the incident was an injury by accident arising out of and in the course of his employment with defendant-employer.
9. Deceased employee had been married to Judy Dianne (Horton) Brown, but they were divorced on 15 April 1992. At the time of his death, 14 March 1993, plaintiff was not married.
10. Deceased employee was the father of two children, Dakotah Bronson Brown, born 21 November 1987, and Rio Canyon Brown, born 5 January 1990. Other than these two sons, deceased employee was not the father of any children; and at the time of his death, there were no other persons dependent upon deceased employee for support.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 14 March 1993 deceased employee sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Martin v. Georgia-Pacific Corp.,5 N.C. App. 37 (1969).
2. On 14 March 1993 deceased employee average weekly wage was $350.00 per week, yielding a compensation rate of $232.34 per week. N.C. Gen. Stat. § 97-2(5).
3. All minor children of a deceased employee are conclusively presumed to be wholly dependent on the deceased employee for support. N.C. Gen. Stat. § 97-2(12) and N.C. Gen. Stat. § 97-39. As the only persons wholly dependent on the deceased employee in the present case, his two sons are entitled to receive the entire compensation, payable on a share and share-alike basis, to the exclusion of all other persons. Therefore, Dakotah Bronson Brown and Rio Canyon Brown are entitled to compensation in the amount of $232.34 per week, on a share and share-alike basis, to begin on 14 March 1993 and continue until each reaches the age of eighteen. N.C. Gen. Stat. § 97-38.
4. Defendant is responsible for the payment of burial expenses, not to exceed $2,000.00. N.C. Gen. Stat. § 97-38.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to Dakotah Bronson Brown and Rio Canyon Brown, through their general guardian, $232.34 per week, on a share-and share-alike basis to begin on 14 March 1993 and to continue until each reaches the age of eighteen. Those amounts which have accrued through the date of this Opinion and Award shall be paid in a lump sum, and all amounts shall be subject to an attorney's fee as provided below.
2. Defendants shall pay burial expenses in an amount not to exceed $2,000.00.
3. An attorney's fee in the amount of 25 percent of all compensation due to the minor children of deceased employee is hereby approved for their counsel. For those amounts which have accrued through the date of this Opinion and Award, 25 percent shall be deducted from said amounts and forwarded directly to plaintiff's counsel, and for all future payments, every fourth check shall be made payable to plaintiff's counsel and forwarded directly to plaintiff's counsel. Payment of the attorney's fee shall be made through checks made payable to David Gantt and forwarded to his office, with the fee to be divided between different counsel at their discretion.
4. Defendants shall pay all costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
DCS:bjp